The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: May state employees form an association and employ through such association a legislative lobbyist to lobby on their behalf? The Constitution of the State of Oklahoma affirms the inherent right of its citizens ". . . peaceably to assemble for their own good, and to apply to those invested with the powers of the government for redress of grievances by petition, address or remonstrance." Okl. Const., Article II, Section 3. This inherent right applies to all citizens of Oklahoma, notwithstanding their status as state employees. Indeed, the right of assembly must be given the most liberal and comprehensive construction. Lair v. State, 316 P.2d 226
(Okl.Cr. 1957), syllabus 3. There are some limitations imposed on state employee's right to petition the Legislature. For example, merit system employees are restricted from participation in partisan political activities, or from use of their official position to influence appointments for themselves or others. 74 O.S. 818 [74-818] (1971). Moreover, state employees, whether merit system employees or not, are governed by a code of ethics, 74 O.S. 1401 [74-1401] et seq. (1971), including use of position or office to gain special advantage. Thus, the right to assembly and petition are not unqualified nor are the foregoing limitations intended to be an exhaustive summary on the restrictions on such rights. The conclusion must also be drawn that those legitimate limitations imposed on state employees individually must also be deemed to apply to an association of state employees. Oklahoma recently enacted new legislation concerning lobbying. The term "lobbying is defined in 74 O.S. 4001 [74-4001] (1978) paragraph 8 as follows: "Lobbying or any derivative of the word thereof means to promote, oppose or otherwise influence any official action; but shall not include any person representing himself or a client in a professional capacity in a court proceeding or before any state board, commission or agency when no expenditure, as defined in this act, is made to or in behalf of the person or persons taking the official action"; Various requirements and restrictions regarding lobbying are contained within the provisions of 74 O.S. 4001 [74-4001] et seq. (1978). One employed as a lobbyist for an association of public employees, while governed by the provisions of statutes applying to lobbyists, would necessarily be limited in the scope of activity to the same extent and with the same limitations as those persons represented. It is, therefore, the official opinion of the Attorney General that: (1) State employees may form an association and, through such association employ a person to lobby on their behalf; (2) A lobbyist, employed by an association of state employees, is governed by the same restrictions and limitations with respect to lobbying and political activities as those persons represented. (KAY HARLEY JACOBS) (ksg) ** SEE: OPINION NO. 79-283 (1979) **